Andrea **TERZANO**, et al., Plaintiffs,

v.

**PFC**, et al., Defendants.

No. CIV. 96–2592(HL).

United States District Court,
D. Puerto Rico.

Nov. 28, 1997.

Carmen R. De–Jesus, Carolina, PR, for Andrea Terzano, Carmen Christina Terzano,, Luis A. De Jesus, Carmen M. De Jesus, plaintiffs.

Carmen R. De Jesus, Carolina, PR, pro se.

Ramon H. Vargas, Vargas & Rive, San Juan, PR, for PFC, defendant.

## OPINION AND ORDER

LAFFITTE, District Judge.

Before the Court is Defendant PFC's motion to dismiss this claim for lack of personal jurisdiction. Plaintiff Andrea Terzano is a minor. Her mother, who is also a plaintiff, is bringing this suit on Andrea's behalf. Andrea's sister and grandparents are also plaintiffs. This is a products liability case based on an alleged faulty luggage cart. Jurisdiction is based on diversity of the parties.[1] Plaintiffs make the following allegations in their amended complaint: all plaintiffs are Puerto Rico residents; PFC, the manufacturer of the cart, is a New York corporation; in April 1996, Andrea, her mother, and her grandfather were traveling from Miami to Puerto Rico; at the airport in Miami, Andrea was fastening items on the luggage cart when one of the cart's elastic cords snapped back and hit her in the face, and the hook of the cord hit her in the mouth, knocking out one of her front teeth, chipping the other one, and causing her to fall back onto the pavement. Plaintiffs claim that the cart's cord was a lethal instrument, that PFC failed to warn of the product's risk, and that PFC breached an express warranty that the cart could be safely used. They further claim that this injury to Andrea caused her to undergo extensive dental treatment and to suffer extreme pain and mental anguish. The other plaintiffs also claim to have suffered mental anguish as a result.

In its motion to dismiss, PFC has submitted evidence that Andrea's mother purchased the luggage cart at a K–Mart in New Jersey.[2] Plaintiffs in their opposition confirm that the cart was purchased there.[3] PFC claims that it has no office or agents in Puerto Rico. It further claims that the cart was manufactured in New York, that the injuries were suffered in Miami, and that therefore this Court does not have personal jurisdiction over PFC. In their opposition, Plaintiffs claim that PFC has waived this defense. Plaintiffs further claim that because PFC's product is sold at K–Mart stores in Puerto Rico, PFC is conducting systematic and continuous activities in Puerto Rico and is therefore purposely availing itself of the benefits of doing business here. In their opposition, however, Plaintiffs have submitted no evidence to support these contentions. The only evidence that PFC's products are sold in Puerto Rico is PFC's acknowledgment that it sells similar products in Puerto Rico.[4] For the reasons set forth below, the Court grants PFC's motion and dismisses this claim.

## DISCUSSION

### 1. The waiver issue

Plaintiffs claim that PFC's participation in this case constituted a waiver of the defense of a lack of personal jurisdiction. Plaintiffs filed their complaint on December 17, 1996.[5] On February 5, 1997, PFC filed its first motion in the case, a request for an extension of time to answer or otherwise plead.[6] PFC's next filing was its answer on March 24, 1997, in which PFC raised as an affirmative defense the lack of personal jurisdiction.[7] On April 8, 1997, PFC filed its motion to dismiss for lack of personal jurisdiction. Plaintiffs claim that in February 1997, PFC began to conduct discovery, including the mailing of interrogatories and the deposing of one of the plaintiffs. Plaintiffs argue that this participation constitutes a waiver of the personal jurisdiction defense.

██ The defense of personal jurisdiction may be waived by conduct, express submission, or a failure to raise the defense. *Precision Etchings & Findings v. LGP Gem, Ltd.*, 953 F.2d 21, 25 (1st Cir.1992). Rule 12(h)(1) provides that the defense of lack of personal jurisdiction is waived if it is not raised in a motion or included in a responsive pleading. Fed.R.Civ.P. 12(h)(1); *Marcial Ucin, S.A. v.*

1. 28 U.S.C.A. § 1332 (West 1993 & Supp.1997).

2. Docket no. 8, exhibit II.

3. Docket no. 10, at 4.

4. Docket no. 12, at 4.

5. Docket no. 1.

6. Docket no. 2.

7. Docket no. 5.

*SS Galicia,* 723 F.2d 994, 997 (1st Cir.1983). A defendant who files a responsive pleading without objecting to the court's personal jurisdiction has consented to the court's jurisdiction over him. *Pilgrim Badge & Label Corp. v. Barrios,* 857 F.2d 1, 3 (1st Cir.1988). A general appearance does not constitute a waiver of the defense; however, once the defendant appears, he must raise the personal jurisdiction defense in a timely fashion. *Marcial Ucin,* 723 F.2d at 997.

In the present case, PFC filed an answer a little over three months after Plaintiffs filed their complaint. In the answer PFC raised the lack of personal jurisdiction as an affirmative defense. Two weeks later, PFC filed its motion to dismiss. The Court finds that PFC raised the personal jurisdiction in a timely fashion. *See Continental Bank, N.A. v. Meyer,* 10 F.3d 1293, 1297 (7th Cir.1993) (Defendants' participation in litigation for two-and-a-half years before raising the personal jurisdiction defense constituted waiver); *Marcial Ucin,* 723 F.2d at 997 (Raising the defense four years after filing an appearance constituted waiver). Plaintiffs' claim that PFC waived the personal jurisdiction defense is meritless.

### 2. The personal jurisdiction issue

A plaintiff always has the burden of establishing that the forum court has personal jurisdiction over the defendant. *Rodriguez v. Fullerton Tires Corp.,* 115 F.3d 81, 83 (1st Cir.1997). In ruling on this issue, the court has a number of different standards by which it may review the record to determine whether the plaintiff has met her burden. *See Boit v. Gar–Tec Products, Inc.,* 967 F.2d 671, 674–78 (1st Cir.1992). When a court holds an evidentiary hearing on the issue, one of two standards applies: either plaintiff must demonstrate a likelihood of the existence of all facts necessary to establish personal jurisdiction or plaintiff must show by a preponderance of the evidence the facts which support personal jurisdiction. *Foster–Miller, Inc. v. Babcock & Wilcox Canada,* 46 F.3d 138, 145–47 (1st Cir.1995); *Mohajer v. Monique Fashions,* 945 F.Supp. 23, 26 (D.P.R.1996).

8. Docket no. 12, at 4.

A third method often used at the early stages of litigation is the prima facie standard. *Rodriguez,* 115 F.3d at 83–84. Under this least taxing of the standards, a plaintiff must make a showing as to each fact required to satisfy both the local forum's long-arm statute and the Constitution's due process clause. *Id.* The district court does not sit as a factfinder; rather, "it ascertains only whether the facts duly proffered, fully credited, support the exercise of personal jurisdiction." *Id.* at 84. To make a prima facie showing, the plaintiff may not rest on unsupported allegations in the pleadings; instead, she must adduce evidence of specific facts which establish personal jurisdiction. *Foster–Miller,* 46 F.3d at 145; *Boit,* 967 F.2d at 675. In the present case, no party has requested an evidentiary hearing and the litigation is in its early stages. Moreover, the First Circuit has ruled that unless the district court otherwise informs the parties, it is to be understood that the prima facie standard will be used. *See Rodriguez,* 115 F.3d at 84. Accordingly, the Court will employ the prima facie standard in ruling on the motion to dismiss.

Personal jurisdiction relates to a court's power over the defendant. There are two types of personal jurisdiction: general and specific. *Pritzker v. Yari,* 42 F.3d 53, 59 (1st Cir.1994). General jurisdiction exists when the lawsuit is not directly based on the defendant's contacts with the forum, but when the defendant has engaged in activity in the forum which is unrelated to the suit and which is systematic and continuous. *Foster–Miller,* 46 F.3d at 144 (quoting *United Elec., Radio and Mach. Workers of America v. 163 Pleasant Street Corp.,* 960 F.2d 1080, 1088 (1st Cir.1992)). In the case before the Court, there is no evidence that PFC has engaged in continuous and systematic activity in Puerto Rico. The only evidence of PFC's presence in Puerto Rico is its admission that it sells similar luggage products in Puerto Rico.[8] It is unclear whether PFC is referring to the same type of cart as the one which allegedly injured Andrea or to other luggage products. In any case, this scant

evidence is insufficient to establish general jurisdiction. *See Foster–Miller,* 46 F.3d at 144.

■ The second type of personal jurisdiction—specific jurisdiction—requires a plaintiff to establish two conditions: first, that the forum has a long-arm statute which purports to grant jurisdiction over the defendant; and second, that the court's exercise of personal jurisdiction over the defendant pursuant to that statute would comport with the Constitution's strictures. *Id.* With regard to this first condition, the Puerto Rico long-arm statute provides in pertinent part that a court in Puerto Rico has jurisdiction over a person not domiciled in Puerto Rico if the action arises because that person "[t]ransacted business in Puerto Rico personally or through an agent." P.R. Laws Ann. tit. 32, app. III, R.4.7(a)(1) (1983). This statute extends personal jurisdiction as far as the United States Constitution will permit. *Pritzker,* 42 F.3d at 60. This statute purports to grant jurisdiction over PFC. Accordingly, the first condition has been met.

■ The second condition requires substantially more analysis. The question of whether PFC transacted business as defined by Puerto Rico's long-arm statute depends on whether Plaintiffs can establish that PFC has sufficient minimum contacts with Puerto Rico. *See id.* The following three-part test has been developed for making this determination:

> First, the claim underlying the litigation must directly arise out of, or relate to, the defendant's forum-state activities. Second, the defendant's in-state contacts must represent a purposeful availment of the privilege of conducting activities in the forum state, thereby invoking the benefits and protections of that state's laws and making the defendant's involuntary presence before the state's courts foreseeable. Third, the exercise of jurisdiction must, in light of the Gestalt factors, be reasonable.

*Id.* at 60–61 (quoting *163 Pleasant Street,* 960 F.2d at 1089). This test of a defendant's minimum contacts is "highly idiosyncratic" and must be made on a case-by-case basis. *Id.* at 60.

■ The first two parts of the test—relatedness and purposeful availment—are both aspects of demonstrating minimum contacts pursuant to *International Shoe Co. v. Washington,* 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945). *See Nowak v. Tak How Investments, Ltd.,* 94 F.3d 708, 713 (1st Cir. 1996). The relatedness test focuses on the nexus between the defendant's contact with the forum and the plaintiff's cause of action. *Id.* at 714; *Sawtelle v. Farrell,* 70 F.3d 1381, 1389 (1st Cir.1995). This test ensures that the causation element is in the forefront of the court's due process analysis. *Ticketmaster–New York, Inc. v. Alioto,* 26 F.3d 201, 207 (1st Cir.1994). Generally, there should be a proximate cause relation between the defendant's conduct and the plaintiff's claim. *Nowak,* 94 F.3d at 713–15. The relatedness requirement is not satisfied if the plaintiff's cause of action arises out of a general relationship between the parties. *Sawtelle,* 70 F.3d at 1389. The action must arise directly out of the defendant's specific contacts with the forum state. *Id.*

■ In the case before the Court, the luggage cart which is alleged to have injured Andrea was purchased in New Jersey. The injury was suffered while Plaintiffs were at the airport in Miami. There is no evidence that PFC engaged in specific contacts with Puerto Rico which caused Andrea's or her family's injuries. The fact that PFC sold similar products in Puerto Rico is not sufficient to meet this test. Accordingly, the Court finds that Plaintiffs have failed to satisfy the relatedness requirement.

■ The second part of the test is whether the defendant's in-state contacts constitute a purposeful availment of the privilege of conducting activities in the forum state, thereby invoking the benefits and protections of that forum's laws and making the defendant's involuntary presence before the courts there foreseeable. *163 Pleasant Street,* 960 F.2d at 1089. The purposeful availment prong is meant to ensure that personal jurisdiction is not based only upon a defendant's random or isolated contacts with the forum. *Sawtelle,* 70 F.3d at 1391. The court's exercise of jurisdiction must be "fair, just, or reasonable." *Nowak,* 94 F.3d at 716 (quoting

*Sawtelle,* 70 F.3d at 1391 (quoting *Rush v. Savchuk,* 444 U.S. 320, 329, 100 S.Ct. 571, 577, 62 L.Ed.2d 516 (1980))) (internal quotations omitted). The Court should focus on voluntariness and foreseeability. *Id.* at 716. The defendant's contacts with the forum should be voluntary and not based on the unilateral actions of a third party. *Id.* Additionally, the nature of these contacts must be such that defendant could reasonably anticipate the possibility of being subject to a lawsuit there. *Id.*

 In the present case, Plaintiffs argue that this Court has personal jurisdiction because PFC has delivered its products into the stream of commerce. Unfortunately for Plaintiffs, the First Circuit has rejected the reliance on a stream of commerce theory as a means to establish personal jurisdiction. *See Rodriguez,* 115 F.3d at 85; *Boit,* 967 F.2d at 681–83; *Dalmau Rodriguez v. Hughes Aircraft Co.,* 781 F.2d 9, 14–15 (1st Cir.1986). Such a theory cannot be used to establish the voluntariness prong of the relatedness test. *Sawtelle,* 70 F.3d at 1392–93; *Branch Metal Processing, Inc. v. Boston Edison Co.,* 952 F.Supp. 893, 907 (D.R.I.1996). The mere knowledge that the stream of commerce would carry defendant's products into Puerto Rico would be insufficient to establish a purposeful availment. *Rodriguez,* 115 F.3d at 85. Thus, Plaintiffs have failed to establish the voluntariness prong of the relatedness test.

With regard to the second prong of the relatedness test, personal jurisdiction over a non-forum defendant is foreseeable when the defendant has established a continuing obligation between the forum state and its itself. *Sawtelle,* 70 F.3d at 1393. The only obligation between PFC and Puerto Rico is the evidence that PFC products with unspecified similarities to Plaintiffs' luggage cart are sold in Puerto Rico. This is too tenuous a connection. The Court finds that the sale by PFC of a similar type of luggage in Puerto Rico does not make it foreseeable that it would be sued there for damages caused by a luggage cart sold in New Jersey. Because Plaintiffs have failed to adduce evidence to establish personal jurisdiction and because Plaintiffs rely on a stream of commerce theory which has been explicitly rejected by the First Circuit, the Court holds that Plaintiffs have failed to satisfy both the relatedness and purposeful availment tests.

The third part of the test requires the plaintiff to demonstrate that the exercise of the court's jurisdiction would be reasonable in light of certain "gestalt factors." *163 Pleasant Street,* 960 F.2d at 1089. The gestalt factors are made up of the following five criteria:

(1) the defendant's burden of appearing, (2) the forum state's interest in adjudicating the dispute, (3) the plaintiff's interest in obtaining convenient and effective relief, (4) the judicial system's interest in obtaining the most effective resolution of the controversy, and (5) the common interests of all sovereigns in promoting substantive social policies.

*Id.* at 1088. These factors serve to assist the court in achieving substantial justice. *Ticketmaster–New York,* 26 F.3d at 209. This reasonableness test, however, should not be a mechanical one. *Sawtelle,* 70 F.3d at 1394. If a plaintiff has failed to establish the defendant's minimum contacts with the forum, the court need not address the gestalt factors. *Id.; Rodriguez v. Fullerton Tires Corp.,* 937 F.Supp. 122, 129 (D.P.R.1996), *aff'd,* 115 F.3d 81 (1st Cir.1997). As discussed above, Plaintiffs in the present case have failed to satisfy the relatedness test, to satisfy the purposeful availment test, and to establish the requisite minimum contacts. Accordingly, the Court does not need to make a gestalt factors analysis.

WHEREFORE, for all of the above, the Court finds that Plaintiffs have failed to meet their burden of establishing that this Court has personal jurisdiction over PFC. Accordingly, the Court hereby grants the motion to dismiss (docket no. 8). Judgment shall be entered accordingly.[9]

**IT IS SO ORDERED.**

---

9. Plaintiffs have requested, as an alternative    form of relief, that the Court transfer this action

to the United States District Court for the Southern District of Florida. Docket no. 14, at 5. However, a party requesting a transfer must also demonstrate that personal jurisdiction and venue in the transferee district would be proper for the defendant. *American Home Assur. Co. v. Glovegold, Ltd.,* 153 F.R.D. 695, 698 (M.D.Fla.1994);

15 Charles A. Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice and Procedure* § 3845, at 351 (2d ed.1986). Plaintiffs have failed to show that the federal district court in Florida would have personal jurisdiction over PFC. Accordingly, the Court denies this request and dismisses this action.