AERATION SOLUTIONS, INC., Plaintiff–Appellant.

v.

Daniel H. DICKMAN and Ted K. Vollmer, Defendants–Appellees.

No. 03–1284.

United States Court of Appeals, Federal Circuit.

Decided Jan. 15, 2004.

Rehearing Denied Feb. 10, 2004.

**773**

Before RADER, GAJARSA, and
PROST, Circuit Judges.

RADER, Circuit Judge.

The United States District Court for the Western District of Tennessee dismissed plaintiff-appellant Aeration Solutions, Inc.'s (ASI's) declaratory judgment action against defendants-appellees Daniel Dickman and Ted Vollmer (collectively defendants) for lack of personal jurisdiction. Because the district court abused its discretion in finding that the defendants did not waive their right to contest personal jurisdiction by signing a stipulated injunction order, this court *reverses* and *remands*.

## I.

Defendants own U.S. Patent No. 6,264,-176 (the '176 patent), which covers an aeration diffuser device. ASI is a Tennessee corporation that manufactures and sells an aeration diffuser device. Both ASI's diffuser and the diffuser covered by the '176 patent use a porous pipe as the primary component. After learning of ASI's device, defendants contacted numerous Tennessee municipalities and citizens to inquire what type of aeration system they used, whether they used ASI's device, and whether they knew of any other parties that use ASI's device. Defendants then sent numerous cease and desist letters to Tennessee residents indicating that the continued use of ASI's device "constitutes knowing infringement" and may result in damages. In these letters, defendants also offered to negotiate a reasonable royalty to allow continued use of the patented devices.

Before the cease and desist letters that led to the present lawsuit, defendants sent targeted mailings to at least twenty potential customers in Tennessee that they met at trade shows. Defendants manufactured their patented product using porous pipe from Precision Porous Pipe, Inc. (PPP), located in Tennessee. On at least three occasions, defendants visited Tennessee in connection with their patented diffuser device. Both ASI and defendants engaged in negotiations with PPP to become exclusive distributors of PPP's porous pipe. Ultimately, ASI acquired that relationship with PPP.

In March 2002, ASI filed this action for declaratory judgment that the '176 patent is invalid and was acquired by fraud. ASI also asserted claims for statutory inducement to breach of contract, common-law tortuous interference with contract and defamation. ASI sought a preliminary injunction, and a hearing was scheduled for May 7, 2002. In lieu of appearing at the hearing, defendants voluntarily signed a stipulated injunction order, which the district court entered on May 7, 2002. Defendants then filed a motion to dismiss for lack of personal jurisdiction. The district court granted the motion, finding that defendants did not waive their right to challenge personal jurisdiction by stipulating to the injunction, and that defendants' contacts were insufficient to satisfy the constitutional requirements of personal jurisdiction. ASI appealed to this court, which

has jurisdiction over this appeal under 28 U.S.C. §§ 1295(a) and 1338(a).

## II.

The district court held that the defendants' contacts with Tennessee were insufficient to establish the minimum contacts necessary to justify the fair exercise of jurisdiction over them. In its analysis, the district court cited each type of contact and then cited case law indicating that such a contact "alone" was insufficient to establish jurisdiction. For example, the district court discussed defendants' cease and desist letters and cited *Red Wing Shoe Co. v. Hockerson–Halberstadt, Inc.,* 148 F.3d 1355, 1360–61 (Fed.Cir.1998), which indicates that the fair exercise of personal jurisdiction could not be grounded on "such contacts alone." The district court similarly discusses defendants' five year purchasing relationship with PPP and states that "purchases alone, even if made regularly, are not enough to confer jurisdiction," citing *Helicopteros Nacionales de Colombia, S.A. v. Hall,* 466 U.S. 408, 418, 104 S.Ct. 1868, 80 L.Ed.2d 404 (1984).

This court perceives an error in this portion of the district court's jurisdictional analysis. The district court considered defendants' contacts in isolation, rather than analyzing the contacts as a whole. This court agrees that cease and desist letters alone do not suffice. Such letters coupled with "other activities," however, can be enough to satisfy the requirements of personal jurisdiction, a proposition the district court did not appreciate. *See Genetic Implant Sys., Inc. v. Core–Vent Corp.,* 123 F.3d 1455, 1458 (Fed.Cir.1997). Although the district court's personal jurisdiction analysis appears flawed in this respect, the defendants also waived personal jurisdiction concerns by consenting to an injunction in this jurisdiction. Thus, the district court's minimum contacts analysis will not be substantively addressed in this opinion.

This court reviews a waiver of a party's right to contest jurisdiction for an abuse of discretion. *See United States v. Ziegler Bolts & Parts Co.,* 111 F.3d 878, 882 (Fed. Cir.1997). An abuse of discretion occurs when the district court's decision was clearly unreasonable, arbitrary, or based on clearly erroneous factual or legal conclusions. *See Hohenberg Bros. Co. v. United States,* 301 F.3d 1299, 1303 (Fed. Cir.2002).

In this case, defendants voluntarily signed a stipulated injunction order, later entered by the district court. The injunction precluded defendants from further contact with ASI's existing or potential customers concerning defendants' allegations of patent infringement. Thus, ASI acquired a benefit from the court. Clearly, defendants voluntarily acknowledged and acquiesced to the district court's authority to control their conduct.

The district court believed defendants' conduct in this case was not sufficient to constitute a waiver. The district court cited cases where defendants asserted lack of jurisdiction or defective service of process in their answer and thereafter participated in discovery and other proceedings without waiving their right to challenge jurisdiction. *See Clark v. City of Zebulon,* 156 F.R.D. 684 (N.D.Ga.1993); *Terzano v. PFC,* 986 F.Supp. 706 (D.P.R.1997). Those cases, however, have little applicability to this case. Those cases did not involve a voluntary submission to a court ordered injunction, and defendants in this case never asserted a challenge to the district court's jurisdiction before stipulating to the injunction order.

The district court also cited cases where waiver was found because of a failure to challenge jurisdiction over a four year period, *Hamilton v. Atlas Turner, Inc.,* 197 F.3d 58 (2nd Cir.1999), and because the defendant removed the case to federal

court from state court, *Lomgalio Ass'n, v. LBK Mktg. Corp.*, 876 F.Supp. 41 (S.D.N.Y.1995). Apparently, the district court feels these cases present conduct that more fully displays a waiver of a personal jurisdiction defense than does the stipulation to an injunction order. To the contrary, this court can think of few actions that more clearly signal an acceptance of a court's jurisdiction than signing a stipulated injunction order. Such an action, without reservation, expressly indicates a party's willingness to submit itself to the equitable powers of the court.

The defendants voluntarily entered into the injunction order with no reservation of a right to challenge the court's jurisdiction. The injunction prohibited defendants from engaging in actions they previously had a right to engage in. The actions prohibited were unquestionably damaging to ASI's business. Thus, the district court's statement that the injunction did nothing more than preserve the status quo and provided ASI with no relief was an unreasonable interpretation of the undisputed facts. The district court abused its discretion by finding that a stipulation to an injunction order, without any reservation of a right to challenge jurisdiction, did not waive defendants' personal jurisdiction defense. Accordingly, this court reverses the district court's dismissal for lack of personal jurisdiction and remands the case for further proceedings on the merits.